# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed April 5, 1923.

CHARLES HASSEN, IN HIS OWN RIGHT, AND TO THE USE OF LOGAN B. DYKE AND THE STATE ACCIDENT FUND,

VS.

THE CHESAPEAKE IRON WORKS AND THE HILGARTNER MARBLE COMPANY.

*G. Tyler Smith* for plaintiff.

*Austin J. Lilly* for defendants.

AMBLER, J.—

The declaration alleges that on or about October 13, 1922, the defendant, the Chesapeake Iron Works, was engaged in the erection and operation of an electric crane for the defendant, The Hilgartner Marble Company, at its plant in Baltimore City, and that Logan B. Dyke, one of the equitable plaintiffs, who was employed by the defendant first named to erect and paint the said crane, employed the plaintiff to do certain painting on and about the crane and the runways con-

nected therewith; and that while the plaintiff was so engaged in said work the defendants, their agents and employees, acting within the scope of their employment, carelessly, negligently and recklessly operated and directed the operation of said crane in such a way that the plaintiff, while performing his regular work in his regular place and without any negligence on his part, was violently struck upon the back by certain moving parts of said electric crane and seriously and permanently injured, and said injuries were directly caused by the negligence and want of care on the part of the defendants and of their agents and servants and not by any neglect or want of care on the part of either the plaintiff or his employer, the said Logan B. Dyke; that the plaintiff duly made claim before the State Industrial Accident Commission against the said Logan B. Dyke, his employer, for compensation for his said injuries under the Compensation Law of Maryland; and on October 28, 1922, the said Commission, after a hearing upon said claim, ordered the said Logan B. Dyke, employer, and the State Accident Fund, his insurer, to pay to the plaintiff compensation at the rate of eighteen dollars per week, accounting from the 17th day of October, 1922. This declaration was filed on December 30, 1922, which was not more than two months after the date (October 28) of the Commission's award.

The Chesapeake Iron Works has filed, in addition to the general issue plea, a second and special plea, that at the times mentioned in the declaration it had duly secured payment of compensation as prescribed by the Workmen's Compensation Law of Maryland, to its employees and to employees of its sub-contractors, including the plaintiff, so that at the time of the alleged accident the plaintiff was, so far as concerns his rights and remedies against this defendant, within the terms of and subject to the provisions of the Workmen's Compensation Act, and therefore this Court is without jurisdiction in the premises. To this special plea the plaintiff demurred.

The question turns upon the proper construction of Section 60A, one of the Amendments made by Chapter 597, Acts of 1916, to the original Workmen's Compensation Act (1914, Ch.

800), since prior to that Amendment a principal contractor was evidently, in the judgment of the legislature, not to be deemed the "employer" of a sub-contractor's workmen within the meaning of the law as it then stood.

Now Section 60A, both in the pamphlet issued by the State Industrial Accident Commission and in the bound volume of the Laws of Maryland, 1922, "published by authority," is divided into four paragraphs.

The first paragraph provides that when a principal contractor sublets the whole or any part of his contract he "shall be liable to pay to any workman employed in the execution of the work any compensation under this Article which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal contractor then, in the application of this Article, reference to the principal contractor shall be substituted for reference to the employer, except that the amount of compensation shall be "based on the earnings of the workman under his immediate employer."

In other words, it is *where compensation is claimed from or proceedings are taken against the principal contractor* that "principal contractor" is to be substituted for "employer" in construing and applying the general provisions of the Workmen's Compensation Law.

The second paragraph of this Section (60A) says:

"Where the principal contractor is liable to pay compensation under this Section, he shall be entitled to indemnity from any employer who would have been liable to pay compensation to the employee independently of this Section, and shall have a cause of action therefor against such employer."

But the next (third) paragraph declares:

"Nothing in this section shall be construed as preventing a workman from recovering compensation under this Article from the sub-contractor instead of from the contractor."

This clearly leaves to the employee the election of his remedy under this Section 60A. At his option, he can claim compensation from the principal

contractor or from his immediate employer, as he may deem most advantageous for himself. The only qualification is that if he proceeds against the principal contractor the latter shall, under the second paragraph, "be entitled to indemnity from any employer who would have been liable to pay compensation to the employee independently of this section," or, under the fourth paragraph, "shall have the right to join the sub-contractor or any intermediate contractors as defendant or co-defendant in the case."

If the employee elects to claim compensation from his immediate employer, that eliminates any bond or connection between the employee and the principal contractor that this section was intended to establish; and the situation is left precisely what it would have been if Section 60A had never been enacted—that is, as to the employee, the principal contractor still remains as "some person other than the employer," and their respective rights and liabilities are covered by the provisions of Section 58 of the Act.

At this point it may not be amiss to call attention to the fact that, from the first enactment of he Workmen's Compensation Law, Section 58 has always provided that "where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability in some person other than the employer, to pay damages in respect thereof, the employee, or, in case of death, his personal representatives or dependents as hereinbefore defined, may proceed either at law against that other person to recover damages or against the employer for compensation under this Act, or in case of joint *tort feasors* against both." Therefore, leaving to the employee the selection of the remedy most desirable from his point of view introduces no new principle into the law; and it was entirely consistent with the spirit and general purpose of the law to grant to the employee the same right of election under Section 60A.

As the employee here elected to claim compensation from his immediate employer, Section 60A has, in my opinion, no application to this case; and I am constrained to sustain the plaintiff's demurrer to the "second and special plea."